**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> ) <br> **ROSE A. SHAW** ) <br> ) <br> **Defendant.** ) <br> ) <br> _____ ) | Case No. 4:07-CR-00060-HEA |

**ORDER**

Before this Court is the United States of America's motion pursuant to 18 U.S.C. § 3613A to hold defendant in contempt for willful failure to pay restitution (Doc. 122). A hearing on this motion was held on October 20, 2020. The United States appeared by Assistant United States Attorney Joshua M. Jones. Defendant failed to appear. Based upon the arguments presented at the hearing, and the pleadings, the Court makes the following findings.

First, this Court provided notice to Defendant at her last known address of the hearing date and time, but she failed to appear.

Second, on January 4, 2008, this Court issued a criminal judgment against Defendant requiring her to pay $224,576.04 in restitution and a $200 special assessment. With regard to the payment of restitution, this Court ordered Defendant to make monthly payments of $100, or no less than 10% of her gross earnings, whichever was greater. Since her release from the custody of the Bureau of Prisons—which was over 90 days prior to October 20, 2020—Defendant has not

1

made a single voluntary payment towards her outstanding criminal restitution balance. Therefore, she is in default pursuant to 18 U.S.C. § 3572(i).

Second, on January 21, 2020, Defendant filed for protection under Chapter 13 of the Bankruptcy Code. *In re Shaw*, Case No. 20-40265-659 (E.D. Mo. Bankr.). As part of her bankruptcy filing, Defendant disclosed ownership of real property valued at $823,000.00, and a luxury vehicle valued at $31,112.00. At a hearing before the Bankruptcy Court on February 24, 2020, Defendant stated on the record that she pre-paid for one year's worth of insurance coverage on the real property. These facts indicate Defendant had the financial resources to make the minimum restitution payments owed under this Court's judgment, but willfully failed to do so.

Third, upon a finding of default and willful failure to pay restitution, this Court may "hold the defendant in contempt of court, enter a restraining order or injunction, order the sale of property of the defendant, accept a performance bond, enter or adjust a payment schedule, or take any other action necessary to obtain compliance with the order of a fine or restitution." 18 U.S.C. § 3613A.

Accordingly, it is hereby

**ORDERED** that the United States' motion is GRANTED and Defendant is found to be in civil contempt.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of this Order upon Defendant, and upon doing so, advise the Court of the date and time of service.

**IT IS FURTHER ORDERED** that after being served a copy of this Order by the U.S. Marshals Service, Defendant shall pay a fine of $100 per day until she makes a restitution payment. Further, this Court shall hold a hearing on _____, 2020, to determine whether Defendant is in compliance with this Order. If Defendant fails to appear, the Court may take

additional actions as necessary to obtain her compliance.



SO ORDERED,


_____, 2020                                     _____
                                                                                                 Hon. Henry E. Autrey
                                                                                                 United States District Judge